

# NUMBER 13-18-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LEASE ACCEPTANCE CORPORATION,
A DIVISION OF CAPITAL CORPORATION,                      Appellant,

v.

LUIS RICARDO HERNANDEZ,                                Appellee.

## On appeal from the 444th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Lease Acceptance Corporation (Lease Acceptance), a division of Capital

Corporation, brings this interlocutory appeal against appellee Luis Ricardo Hernandez

concerning the trial court's denial of Lease Acceptance's motion to dismiss pursuant to

the Texas Citizen's Participation Act (TCPA). By five issues, Lease Acceptance argues it

met its initial burden under the TCPA, and following the burden shifting under the statute, Hernandez failed to establish by clear and specific evidence each essential element for each of his four causes of action. We reverse and remand.

## I.  BACKGROUND

On November 2, 2000, Lease Acceptance executed a lease agreement with 3901 Entertainment, Inc. (3901 Entertainment), an adult commercial establishment, and personal guarantor, Hernandez, for the supply of video equipment. After 3901 Entertainment and Hernandez defaulted on the debt and a subsequent settlement agreement,[1] Lease Acceptance secured a judgment against both parties on September 19, 2003, in Oakland County, Michigan[2] for $12,108.01.

On May 17, 2013, Lease Acceptance obtained an order from the Michigan court renewing the judgment and permitting collection pursuant to Michigan statute, *see* MCL 600.5809(3), "for an additional ten (10) year period, until September 19, 2023."

On May 5, 2014, SOCA Funding, LLC, as an assignee of Lease Acceptance, filed a notice of foreign judgment in district court in Harris County, Texas under the Uniform Enforcement of Judgments Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008,

---

[1] The parties entered into a settlement agreement on February 28, 2002. Pursuant to the agreement, the parties agreed to reduce the debt owed to $10,013.13. One payment of $1,082.52 was due upon the execution of the agreement with thirty-three monthly installments of $270.63 to follow. Lease Acceptance claimed 3901 Entertainment and Hernandez never made a subsequent monthly payment.

[2] The lease agreement contained a forum selection clause, which dictated that:

THIS LEASE SHALL BE GOVERNED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF MICHIGAN. LESSEE CONSENTS TO THE PERSONAL JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF MICHIGAN WITH RESPECT TO ANY ACTION ARISING OUT OF THE LEASE OR ANY SCHEDULE. . . .

2

asking the trial court to domesticate the Michigan judgment and accord it the same force and effect as if it were rendered in a Texas court.

Hernandez answered and filed a motion for new trial as to the underlying foreign judgment. Hernandez argued that the judgment be stayed and voided, claiming he was the victim of identity theft. The Harris County district court granted Hernandez's motion on July 16, 2014, ordering that the "foreign Judgment be Stayed[,] and the Michigan Judgment is void and vacated for lack of personal jurisdiction." The court found that there was "clear and convincing evidence that [Hernandez] did not agree to the Michigan Forum-Selection Clause." According to Lease Acceptance, the Harris County district court subsequently issued a dismissal for want of prosecution.[3]

On March 29, 2018, an attorney for Lease Acceptance sent a letter to Hernandez, seeking collection of the Michigan judgment. The letter, in its entirety, reads as follows:

> Cause No. GC02H0136X; Lease Acceptance Corporation, A Division of Federated Capital Corporation vs. 3901 Entertainment, Inc and Luis Ricardo Hernandez, In the 47th Judicial District Court, Oakland County, Michigan
> Date of Judgment: 9/19/2003
> Creditor: Lease Acceptance Corporation, A Division of Federated Capital Corporation
> Total Judgment: $12,108.01
>
> Dear Luis Ricardo Hernandez:
>
> Unless, within thirty (30) days after receipt of this letter, you dispute the validity of the debt or any portion of it, we will assume the debt to be valid. If, within thirty days of your receipt of this letter you notify us in writing that the debt or any portion of it is disputed, we will obtain verification of the debt and will mail you a copy of the verification. Upon your written request within the 30-day period, we will provide the name and address of the original creditor if it is different from the current creditor.

---

[3] There is no copy of the dismissal order in the record, and Hernandez disputes the dismissal.

Please do not hesitate to contact us at 1-888-316-5877 if you have questions.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Less than two weeks later, on April 9, 2018, Hernandez filed the instant lawsuit, alleging that Lease Acceptance: (1) violated the Texas Debt Collection Act (TDCA); (2) engaged in unreasonable debt collection practices; (3) partook in "conduct . . . [which] constituted the intentional infliction of emotional distress"; and (4) "intentionally intruded on [Hernandez's] solitude, seclusion, or private affairs."

Following an answer and general denial, Lease Acceptance filed a "Motion to Dismiss the Original Petition pursuant to the [TCPA] and First Motion for Traditional Summary Judgment" on June 22, 2018. Lease Acceptance argued that Hernandez had filed a "lawsuit in direct response to Lease Acceptance's [] exercise of its right to petition— that is[,] to enforce a court judgment against [him]." Lease Acceptance also argued Hernandez's four claims fail because: (1) the judgment debt at issue is not a consumer debt subject to TDCA protection; (2) Lease Acceptance did not engage in outrageous collection techniques; and (3) Lease Acceptance referenced only publicly available information, which is not an intrusion of Hernandez's right to privacy.

The trial court denied Lease Acceptance's motions on September 27, 2018. This interlocutory appeal followed. *See id.* § 51.014(a)(12).

## II.    TCPA

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Under the applicable version of the TCPA, a defendant may move to dismiss a suit "based on, relate[d] to, or . . . in response

4

to a party's exercise of the right of free speech, right to petition, or right of association." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a))[4]; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019). "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.002).

The defendant bears the initial burden of showing by a preponderance of the evidence that the conduct that forms the basis of the claim against it is protected by the TCPA—that is to say, that the suit is based on, relates to, or is in response to its exercise of its right to free speech, association, or petition. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). If the defendant meets this burden, then the burden shifts to the plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *Lona Hills Ranch*, 591 S.W.3d at 127. Dismissal of the case is required if the plaintiff fails to meet its burden or if the defendant "establishes by a preponderance of the evidence each essential element of a valid defense to the [plaintiff's] claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *Lona Hills Ranch*, 591 S.W.3d at 127. In conducting our review, we consider the pleadings and evidence in a light favorable to the nonmovant. *TV Azteca,*

---

[4] The legislature recently amended the TCPA, but the amendments do not apply to this case. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687 (providing that the amendments apply only to an action filed on or after September 1, 2019). We will cite the prior version where it materially differs from the current version.

*S.A.B. de C.V. v. Trevino Ruiz*, No. 13-18-00287-CV, ___ S.W.3d. ___, ___, 2020 WL 103852, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet. h.); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

## A.    Right to Petition

The TCPA provides that "a communication in or pertaining to . . . a judicial proceeding" constitutes the exercise of the right to petition. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). "Communication" is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

Lease Acceptance filed a motion to dismiss, and it was its burden initially to show that Hernandez's claims in the underlying case are "based on, relate[ ] to, or [are] in response to" Lease Acceptance's exercise of the right to petition as defined by the TCPA. *See id.* §§ 27.001(4)(A)(i), 27.005(b). In its motion to dismiss and by its first issue on appeal, Lease Acceptance argues that Hernandez's four claims, as pleaded, are "based on, relate[ ] to, or [are] in response to" lawsuits it brought against Hernandez by and Lease Acceptance's debt collection conduct via a collection letter. We agree.

Lawsuits and collection letters referencing judicial proceedings are by definition a "communication in or pertaining to a judicial proceeding" and within the scope of the TCPA. *See id.* § 27.001(4)(A)(i); *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.) (providing that pre-suit demand letter is an exercise of a right to petition under the TCPA); *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 199 (Tex. App.—El Paso 2017, no pet.) (holding that counterclaim against a business that sued for non-payment of debt involved conduct

6

protected under the TCPA); *see also Shopoff Advisors, LP v. Atrium Circle, GP*, No. 04-18-00438-CV, \_\_\_ S.W.3d \_\_\_, \_\_\_, 2019 WL 7196613, at \*8 (Tex. App.—San Antonio Dec. 27, 2019, no pet. h.) (op. on reh'g) (observing that communications or actions taken outside of actual litigation, such as an email sent by an attorney, may implicate TCPA's right to petition protection).

Accordingly, we conclude that Lease Acceptance met its initial burden to prove that Hernandez's legal action is based on, relates to, or is in response to Lease Acceptance's exercise of the right of petition. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.005(b), 2011 Tex. Gen. Laws 961 (amended 2019). We sustain Lease Acceptance's first issue.

## B.    Clear and Specific Evidence

Having determined that Lease Acceptance has shown that Hernandez's four claims are based on, relate to, or are in response to Lease Acceptance's exercise of its right to petition, we next consider whether Hernandez established "by clear and specific evidence a prima facie case for each essential element" of each of his claims. *See id.* § 27.005(c). To make this determination, we are to consider the pleadings and any supporting and opposing affidavits. Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a)).

### 1.    TDCA

Hernandez's first claim is under the TDCA. *See* TEX. FIN. CODE ANN. ch. 392. The TDCA provides remedies for wrongful debt collection practices used by a debt collector in debt collection. *See* TEX. FIN. CODE ANN. § 392.301–.307; *see also Garcia v. Nueces*

*Cty. Emps. Credit Union*, No. 13-08-00209-CV, 2008 WL 4938271, at *7 (Tex. App.—Corpus Christi–Edinburg Nov. 20, 2008, no pet.) (mem. op). (citing to *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 135 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). "Debt collection" under the TDCA is "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." TEX. FIN. CODE ANN. § 392.001(5). A "consumer" is "an individual who has a consumer debt." *Id.* § 392.001(1). "Consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* § 392.001(2). And, a "creditor" is "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." *Id.* § 392.001(3).

Lease Acceptance principally argues by its second issue that the TDCA is the improper vehicle for a claim where the debt at issue is a commercial debt. We agree. The statute is unambiguous in its definition of the type of debt protected, and the debt at issue here clearly falls outside of that definition. *See id.* § 392.001; *Ford*, 44 S.W.3d at 135; *see also DeVoll v. Demonbreun*, No. 04-14-00116-CV, 2014 WL 7440314, at *2 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op) (holding that trial court did not err in granting a motion to dismiss TDCA and DTPA claims where plaintiff failed to allege facts to show judgment at issue was consumer debt). Hernandez has provided us with no caselaw, and we find none, to support a finding that a debt accrued on a commercial lease, as a guarantor for a business, would constitute a consumer debt for purposes of TDCA. Therefore, we conclude Hernandez has failed to establish an essential element of

8

his TDCA claim. *See* Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 27.005(c). We sustain Lease Acceptance's second issue.

### 2. Unreasonable Collection Efforts

Lease Acceptance's third issue concerns Hernandez's claim that it committed a common law tort by engaging in unreasonable collection efforts. Under Texas law, "[u]nreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.) (op. on reh'g); *see also Garcia*, 2008 WL 4938271, at *7. The tort "is intended to deter outrageous collection techniques, particularly those involving harassment or physical intimidation." *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 (5th Cir. 2012) (internal quotation marks omitted). The elements for an unreasonable collection intentional tort claim are "not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Jones,* 252 S.W.3d at 868. Actionable conduct under this tort has generally been described as "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Jones,* 252 S.W.3d at 868–69; *Montgomery Ward & Co. v. Brewer,* 416 S.W.2d 837, 844–45 (Tex. App.—Waco 1967, writ ref'd n.r.e.).

Accepting Hernandez's evidence as truth, we are left with the same facts explored above: in both the Harris County suit and subsequent collection letter, Lease Acceptance sought collection on an existing out-of-state judgment. Even assuming, without deciding, that the Harris County district court's order declaring the Michigan judgment void for purposes of collecting in Texas[5] stands unimpeded by the alleged dismissal for want of

---

[5] Hernandez argues that the Harris County order "void[ed] and vacated" the Michigan judgment; but Hernandez is incorrect to the extent he asserts that the effect of the Harris County order is that the Michigan judgment is no longer a valid debt. By granting a motion to "vacate" a foreign judgment, a Texas trial court instead determines that the foreign judgment is not entitled to full faith and credit in Texas and is

9

prosecution,[6] the only fact raised by Hernandez to prove "unreasonable collection" remains the single collection letter.[7]

We have found no caselaw, nor does Hernandez provide us with any, which would support a finding that a single letter, referencing a valid debt,[8] amounts to "unreasonable collection." *See Jones,* 252 S.W.3d at 868; *see also, Deubler v. Bank of New York Mellon*, No. 07-13-00221-CV, 2015 WL 3750312, at *5 (Tex. App.—Amarillo June 15, 2015, pet. denied) (mem. op.) (concluding no facts were presented to support a finding that defendants "'engage[d] in a course of harassment that was willful, wanton, malicious, and intended to inflict' [the plaintiff] with 'mental anguish and bodily harm'" based on plaintiff's affidavit that he received conflicting communications from a debt collector); *Flores v. Deutsche Bank Nat. Tr. Co.*, No. 02-12-00033-CV, 2014 WL 4109645, at *20 (Tex. App.—Fort Worth Aug. 21, 2014, no pet.) (mem. op.) (finding evidence did "not raise a fact issue on [plaintiff's] claim for unreasonable collection" where defendant "continually request[ed] information and documents from [the plaintiff] that it had already received, provid[ed] him evasive responses during phone calls, fail[ed] to return his phone calls, . . . . exhibit[ed]

---

unenforceable here. *See Int'l Armament Corp. v. Stocker & Lancaster LLP*, 565 S.W.3d 823, 827 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The order does not, as Hernandez suggests, invalidate the foreign judgment in all jurisdictions. *See id.*; *see also Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

[6] Lease Acceptance claims that the Harris County district court's dismissal nullifies the court's previous order. However, it was incumbent on Lease Acceptance to provide this Court with evidence of the dismissal. The record contains copies of the Harris County district court's order granting Hernandez's request for new trial and a "Chronological Case History" sheet, indicating such action, with no mention of the court's dismissal.

[7] Hernandez argues in his brief that for "17 years" Lease Acceptance has "engaged in multiple letter and phone harassing activities." However, he did not make these allegations in his pleadings and did not produce any clear and specific evidence to support them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

[8] The collection letter referred to the outstanding Michigan judgment and made no mention of the Harris County suit. The letter did not state that the Michigan judgment was enforceable in Texas.

hostility to him on several occasions, and provid[ed] him 'with false assurances that things were all right when it knew a foreclosure was imminent'"); *Shin v. Chase Home Fin., LLC*, No. 05-12-01634-CV, 2014 WL 2993815, at *4 (Tex. App.—Dallas June 30, 2014, no pet.) (mem. op.) (holding plaintiff failed to raise fact issue showing collection efforts were "willful, wanton, or malicious" based on evidence that defendant "improperly posted [plaintiff's] property for foreclosure when they were not in default" and plaintiff "suffered emotional and physical injuries from the stress of the foreclosure proceedings").

We, therefore, conclude Hernandez failed to establish an essential element of his unreasonable collection efforts claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). We sustain Lease Acceptance's third issue.

### 3. Intentional Infliction of Emotional Distress

Hernandez's next claim is for intentional infliction of emotional distress, which is the subject of Lease Acceptance's fourth issue. To prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017) (citing *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)).

Meritorious claims for intentional infliction of emotional distress are "relatively rare" because "most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Suberu*, 216 S.W.3d at 796 (citing *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 815 n.1 (Tex. 2005) (citing cases in which conduct was found not to be extreme and outrageous)). For instance, "[l]iability does not

extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Montemayor v. Ortiz*, 208 S.W.3d 627, 655 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied). This element of "extreme and outrageous conduct" is "only satisfied if the conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Tatum*, 526 S.W.3d at 468. (quoting *Suberu*, 216 S.W.3d at 796)).

Moreover, where the gravamen of a complaint is covered by another common-law or statutory tort, intentional infliction of emotional distress is not available. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808 (Tex. 2010); *Moser v. Roberts*, 185 S.W.3d 912, 915 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). "Even if other remedies do not explicitly preempt the tort, their availability leaves no gap to fill." *Jackson*, 157 S.W.3d at 816. In that situation, a plaintiff cannot maintain his claim for intentional infliction of emotional distress "regardless of whether he or she succeeds on, or even makes" the other claim. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004).

The gravamen of Hernandez's complaint is covered in another common-law tort: unreasonable collection. *See Williams*, 313 S.W.3d at 808; *see also Landing Cmty. Improvement Ass'n, Inc. v. Young*, No. 01-15-00816-CV, 2018 WL 2305540, at *13 (Tex. App.—Houston [1st Dist.] May 22, 2018, pet. denied) (mem. op.) (holding that where the "gravamen of [the plaintiff's] complaint is really [an unreasonable collection claim], a claim for intentional infliction of emotional distress is not available"). Even if Hernandez's intentional infliction of emotional distress claim exists independently, Lease Acceptance's conduct—sending a single collection letter—clearly does not amount to "extreme and

outrageous conduct." *See Tatum*, 526 S.W.3d at 468; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

We sustain Lease Acceptance's fourth issue.

### 4.    Invasion of Privacy

Finally, Lease Acceptance's fifth issue addresses Hernandez's claim for the common-law tort of invasion of privacy. Hernandez specifically alleged intrusion upon "solitude, seclusion, or private affairs." To establish this particular invasion of privacy, a plaintiff must show (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *Moore v. Bushman*, 559 S.W.3d 645, 649 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993)); *see also Tex. Comptroller of Pub. Accounts v. Attorney Gen. of Tex.*, 354 S.W.3d 336, 364 (Tex. 2010) (Wainwright, J., concurring in part) (explaining distinction between tort of public disclosure of private facts and intrusion claims).

The record contains no evidence to support a claim for invasion of privacy. There is no mention of this claim beyond Hernandez's original petition. We conclude Hernandez failed to raise facts to establish by clear and specific evidence any elements of his invasion of privacy claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). We sustain Lease Acceptance's fifth issue.

### III.    CONCLUSION

We reverse the trial court's judgment. The cause is remanded with instructions to grant Lease Acceptance's TCPA motion to dismiss all four claims brought by Hernandez,

13

and for further proceedings consistent with this opinion, including the award of court costs

and reasonable attorney's fees. *See id.* § 27.009(a)(1).

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of March, 2020.